**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| P&G CONSTRUCTION CONSULTANTS, LLC., as Assignee of ALAMO FIRST ASSEMBLY OF GOD, ) ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 1:20-cv-01251-STA-jay |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| SOUTHERN MUTUAL CHURCH INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO WITHDRAW AND DENYING MOTION FOR ATTORNEY'S LIEN WITHOUT PREJUDICE**

Before the Court is counsel for Plaintiff P&G Consultants, LLC's Motion to Withdraw and for Attorney's Lien (ECF No. 35) filed September 27, 2021. Counsel seeks leave of Court to withdraw as attorneys of record for Plaintiff and the imposition of an attorney's lien on any potential recover Plaintiff may obtain in this action. For cause counsel states that Plaintiff has made the decision to terminate counsel's representation in the matter. Counsel argues that withdrawal would be consistent with the Tennessee Rules of Professional Conduct. Counsel adds that despite multiple requests, no member or representative of Plaintiff has agreed to sign counsel's Motion to Withdraw. Defendant Southern Mutual Church Insurance Company has filed a response, indicating that it does not oppose counsel's request to withdraw. Defendant does request that the Court stay all case management deadlines for 30 days until Plaintiff can get replacement counsel.

Local Rule of Court 83.5 permits an attorney of record to withdraw from a case only by written motion and Court order.  Local R. 83.5.  The written motion must include the grounds requiring withdrawal and the name and address of any substitute counsel.  *Id.*  If the client does not have substitute counsel or if the identity of substitute counsel is not known, the written motion must contain "the name, address, and telephone number of the client, as well as the signature of the client approving the withdrawal or a certificate of service on the client."  *Id.*

The Court finds that counsel has shown cause to withdraw and satisfied the requirements of Local Rule 83.5.  Counsel has provided the name, address, and telephone number for Plaintiff and certified that a copy of the Motion to Withdraw has been served on Plaintiff.  Therefore, the Motion to Withdraw is **GRANTED**.  Counsel for Plaintiff are relieved of all of further responsibilities in this matter.  In accordance with Local Rule 83.5, counsel has furnished the following mailing address for Plaintiff: P&G Construction Consultants, LLC, c/o Billie & William Griffin, 128 Poplar St. Gadsden, TN 38337.  The Clerk of Court is directed to update the docket to reflect the contact information for Plaintiff found in the Motion to Withdraw and to mail a copy of this order to Plaintiff at the address of record.

Plaintiff is advised that as a limited liability company, it cannot represent itself in federal court and must therefore retain new counsel.  The United States Supreme Court has remarked that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and added that "the rationale for that rule applies equally to all artificial entities."  *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201–202 (1993).  Several Circuit Courts of Appeals have held that LLCs must appear and act through counsel.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 132 (2nd Cir. 2011); *Hooper–Haas v.*

*Ziegler Holdings, LLC*, 690 F.3d 34, 39 n.3 (1st Cir. 2012); *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3rd Cir. 2012); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008).

Although the Sixth Circuit has never addressed the issue, several district courts in this Circuit have concluded that like a corporation, an LLC must act through an attorney. *Hilton I. Hale & Assocs., LLC v. Gaebler*, No. 2:10-CV-920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011) ("A "limited liability corporation is another example of an artificial entity that should retain legal counsel before appearing in federal court."); *Polston v. Millennium Outdoors, LLC*, No. 6:16-CV-16, 2017 WL 878230, at *1 (E.D. Ky. Mar. 6, 2017); *Bass v. Leatherwood*, No. 13-2882-JDT-tmp, 2014 WL 3952833, at *5 (W.D. Tenn. Aug. 13, 2014); *Harmer v. Colom*, No 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. Mar. 13, 2014); *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *7 (E.D. Mich. Mar. 13, 2014).

Because Plaintiff lacks standing to press its claim in this action without counsel, the Court will give Plaintiff 30 days in which to retain new counsel and have new counsel file a notice of appearance on Plaintiff's behalf. Plaintiff is cautioned that this action cannot proceed until Plaintiff has found new counsel. The Court further cautions Plaintiff that failure to have new counsel in place within 30 days may result in the dismissal of the case for lack of standing. In the mean time, Defendant's request to stay all of the remaining scheduling order deadlines is granted. The Motion to Withdraw is **GRANTED.**

This just leaves original counsel's request for the imposition of an attorney's lien. Counsel seeks a court order granting them a priority lien representing 25% of the amount of any damages Plaintiff may recover. Tenn. Code Ann. § 23-2-102 grants a lien to "[a]ttorneys and solicitors of record who begin a suit . . . upon the plaintiff's or complainant's right of action from the date of the filing of the suit." Tenn. Code Ann. § 23-2-102. There is no requirement in the statute that

the attorney receive a court order recognizing the lien, only that "adequate notice of the lien is provided to the public and to future purchasers." *Schmitt v. Smith*, 118 S.W.3d 348, 353 (Tenn. 2003). Assuming arguendo a trial court has the discretion to "declare the existence of an attorney's lien in the suit out of which the dispute regarding the attorney's fee arose," the attorney must still take other steps to enforce his lien by "commenc[ing] a separate proceeding to enforce his or her contractual right to a fee." *Id.* at 353–54 (citing *State v. Edgefield & Kentucky R.R.*, 63 Tenn. 92, 97 (1874)).

Counsel requests a ruling from the Court but without citing any authority that requires the Court to issue such a ruling on the existence or enforceability of a charging lien as part of this action. Under the circumstances, the Court declines to render a decision on the lien, at least at this stage of the proceedings and without giving Plaintiff an opportunity to be heard. *Id*. (noting that the existence of a charging lien "does not function as an adjudication of the rights between the lawyer and his or her client." *Schmitt*). The Court therefore denies counsel's request for a court order but without prejudice to counsel's right to raise the issue at a later time.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 5, 2021